IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § | |
| v. § § § | CASE NUMBER 6:21-CR-00009-JDK-JDL-1 |
| KEARAYAN QUENTAE WILLIAMS, § § § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 27, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kearayan Quentae Williams. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of Firearms, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of V, was 46 to 57 months. On September 16, 2021, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 54 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, and acquiring a high school equivalency certificate. On October 2, 2024, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of controlled substances. Defendant was also required to submit to a drug test within 15 days of release from imprisonment and to at least two periodic drug tests thereafter as determined by the court. In Allegation 2 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about December 4, 2024, when Defendant submitted a urine specimen which tested positive for methamphetamine, marijuana, and fentanyl. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine and fentanyl, as evidenced by Defendant's positive drug test, Defendant will be in violation of Texas Health and Safety Code § 481.115 and will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of V, the guideline imprisonment range for a Grade B violation is 18 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from unlawfully using controlled substances asserted as Allegation 2 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 21 months with no period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 2 be accepted and that he be imprisoned for 21 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, TX, and that

Defendant receive drug treatment, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 28th day of October, 2025.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE